UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GABRIEL LUIS SANTOS,

    Petitioner,

v.                                           Case No.:  2:20-cv-187-FtM-66NPM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner Gabriel Luis Santos's Amended Motion to Vacate, Set Aside or Correct an Illegal Sentence Pursuant to 28 U.S.C. § 2255 docketed in the Fort Myers Division on June 29, 2020.[1]  (Doc. 7).  Petitioner challenges his conviction and sentence in the corresponding criminal case heard by this Court.  See USA v. Gabriel Luis Santos, 2:18-cr-218-FtM-66NPM.  Having found that the Motion warrants a response, the Court directs the United States to respond to the Motion.

Accordingly, it is

**ORDERED:**

1. On or before **February 2, 2021**, the Government must file a response to the Motion, not to exceed 35 pages in length, and

---

[1] Under the "mailbox rule," a prisoner's motion is deemed filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing.  *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).  Petitioner certifies he placed the motion in the prison mailing system on June 22, 2020.

demonstrate why the relief sought in the Motion should be denied.

**The response must address each ground raised in the Motion and include citations to controlling precedent, the record, or affidavits to demonstrate that Petitioner is not entitled to an evidentiary hearing or otherwise is not entitled to relief.** The response must:

   a. state whether Petitioner has used any other available federal remedies including any prior post-conviction motions and, if so, whether an evidentiary hearing was accorded to the movant in any federal court;

   b. obtain transcripts and/or narrative summaries in accordance with Rule 5(b) of the *Rules Governing Section 2255 Cases in the United States District Courts* and file them concurrently with the initial response, but no later than thirty days after the filing of the initial response;

   c. summarize the results of any direct appellate relief sought by Petitioner and include citation references and copies of appellant and appellee briefs from every appellate proceeding;[2] and

   d. explain—in detail—whether the motion was filed within the one-year limitation period per 28 U.S.C. § 2255.  If Respondent concludes that the motion was not filed within the period, a limited response may be filed attaching only those parts of the record necessary to support the conclusion that the motion was not timely filed.

---

[2] The Government must also indicate whether each claim was raised on direct appeal.  If any claim was not raised on direct appeal, the Government must state whether it waives the defense concerning the failure to raise the claim on direct appeal.  See *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990).  If any claim was raised on direct appeal, the Government must indicate whether it waives the defense concerning the re-litigation of claims that were previously raised and disposed of on direct appeal.  See *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

2. Petitioner, although not required to do so, may file a reply to the response on or before **March 2, 2020**.  Any reply brief may not exceed **ten pages** in length.

3. In the future, Petitioner must mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the Assistant U.S. Attorney assigned to this case and listed on the docket.

**DONE AND ORDERED** in Fort Myers, Florida this 2nd day of November 2020.

*[signature]*

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**

SA:   FTMP-2
Copies:   All Parties of Record