UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GABRIEL LUIS SANTOS,
    Petitioner,

v.                                Case No. 2:20-cv-187-JLB-NPM

UNITED STATES OF AMERICA,
    Respondent.

**UNITED STATES' RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, the Rules Governing Section 2255 Proceedings, and this Court's order dated November 2, 2020, the United States hereby responds in opposition to Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence.  Civ.  Doc. 7.[1]

## I.    STATEMENT OF THE CASE AND FACTS

### A.    Statement of Facts[2]

On December 1, 2018, Khai Franscisco Victor Marrero ("Marrero") and Gabriel Luis Santos ("Petitioner") conspired to rob T.G.J. of marijuana.  In

---

[1] References to filings in *United States v. Gabriel Luis Santos*, Criminal Case Number 2:18-cr-218-JLB-NPM, are cited as "Doc. [document number]." References to filings in *Gabriel Luis Santos v. United States*, Civil Case Number 2:20-cv-JLB-NPM, are cited as "Civ. Doc. [document number]."

[2] The facts contained in this Response derive directly from the factual basis section of the Plea Agreement, explicitly admitted to by the Petitioner as true.  Doc. 36, 16-18.

furtherance of their scheme, Marrero contacted T.G.J. and arranged to purchase one-quarter pound of marijuana from him. T.G.J. agreed to meet Marrero near T.G.J.'s residence in Fort Myers to conduct the transaction. Marrero and Petitioner drove to the planned meeting location in Marrero's vehicle, a green Suzuki Forenza, with Marrero driving and Petitioner seated in the front passenger seat. Both Marrero and Petitioner were in possession of loaded firearms – Marrero had a loaded Diamondback .380 caliber pistol (S/N ZD0289) and Petitioner had a loaded Sig Sauer .40 caliber pistol (S/N AL14886). Once they arrived at the planned meeting location, Petitioner exited the vehicle and hid behind exterior residential air-conditioning units while Marrero waited in the vehicle for T.G.J.

Soon thereafter, T.G.J. entered the front passenger seat of Marrero's vehicle and handed Marrero marijuana, expecting to receive cash in exchange for the drugs. At approximately the same time, Petitioner approached the vehicle wearing a ski-mask and pointed his Sig Sauer pistol at T.G.J. As Petitioner approached T.G.J., T.G.J. reacted by kicking at Petitioner, and Petitioner discharged his Sig Sauer firearm at T.G.J., striking T.G.J. in the chest with a single bullet. After he was shot, T.G.J. exited the vehicle, Petitioner re-entered the vehicle, and Marrero drove he and Petitioner away from the scene.

Later that night, Fort Myers Police Department (FMPD) officers conducted a traffic stop on Marrero's green Suzuki Forenza. Marrero was driving the vehicle, Petitioner was in the front passenger seat, and F.D. was seated in the rear of the vehicle. A black backpack was located between Marrero's legs that contained, among other items, a large plastic baggie of marijuana and a loaded Diamondback .380 caliber pistol (S/N ZD0289). A second black backpack was located in the vehicle between Petitioners' legs that contained, among other items, a large baggie of marijuana, $2,360 in U.S. currency, and a black ski-mask. In the glove-box directly in front of where Petitioner had been seated, officers located a loaded Sig Sauer .40 caliber pistol (S/N AL14886) with an extended magazine.

### B. Relevant Procedural History

On April 18, 2019, Petitioner pled guilty to Counts One and Two of a Superseding Information (Doc. 35) pursuant to a written Plea Agreement (Doc. 36) in this case. Count One charged the Petitioner with Interference with Commerce by Robbery (Hobbs Act), in violation of 18 U.S.C. §§ 1951(a) and 2, and Count Two charged Petitioner with Using, Carrying, and Discharging a Firearm in Furtherance of a Violent Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. *Id*. On July 29, 2019, United States District Court Judge Thomas P. Barber sentenced the Petitioner to serve 70 months

3

imprisonment on Count One and 120 months imprisonment on Count Two, to run consecutively, for a total term of imprisonment of 190 months, followed by a term of supervised release.  Docs. 54 and 55.

On March 19, 2020, Petitioner filed a Motion Pursuant to 28 U.S.C. § 2255, raising one ground for relief.  Civ. Doc. 1.  On May 21, 2020, Judge Barber ordered the Petitioner to re-file his motion in compliance with the Rules Governing Section 2255 Proceedings by using the standard pre-printed § 2255 form approved by the Judicial Conference of the United States.  Civ. Doc. 5.  Judge Barber further ordered that the Petitioner's amended motion must be filed by June 12, 2020, or his post-conviction case would be dismissed.  *Id*.

On June 29, 2020, Petitioner's Amended Motion to Vacate Pursuant to 28 U.S.C. § 2255 was docketed in the Fort Myers Division.  Civ. Doc. 7.  The envelope in which the Petitioner mailed his amended § 2255 motion indicates that it was placed in the prison mailing system at USP Lewisburg on June 22, 2020. Civ. Doc. 7-1.  On August 27, 2020, this Court entered an order denying the Petitioner's initial § 2255 motion (Civ. Doc. 1) as moot.  Civ. Doc. 8.  On November 2, 2020, this Court ordered the United States to respond to the Petitioner's amended § 2255 motion on or before February 2, 2021.  Civ. Doc. 9.

The Petitioner has not previously sought direct appellate relief in connection with this case, and the instant § 2255 motion is effectively the Petitioner's first post-conviction motion.

### C.   Petitioner's Amended § 2255 Motion

Petitioner's amended § 2255 motion (Civ. Doc. 7) is a 26-page filing which is comprised of two parts. In the first 12 pages, which are hand written using the standard pre-printed § 2255 form ("Part I"), the Petitioner raises one ground and incorporates his initial § 2255 motion. Civ. Doc. 7, 1-12. In Part I, the Petitioner alleges that his trial counsel, Roy Foxall, provided ineffective assistance of counsel in violation of the Sixth Amendment by failing to file an appeal as he was instructed to do by the Petitioner. *Id*.

In the final 14 pages, which are hand written on plain paper ("Part II"), the Petitioner raises what he categorizes as three separate "issues" which merit relief from the court. *Id*. at 13-26. Although at times it is difficult to decipher, Petitioner's grounds in Part II concern claims that his crimes of conviction are based on unconstitutionally vague or ambiguous statutes, and that he lacked the necessary *mens rea* for conviction. *Id*.

## II.     MEMORANDUM OF LAW

### A.     Burden of proof

In general, on collateral review the petitioner bears the burden of proof and persuasion on each and every aspect of his claim, *see In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016) (collecting cases), which is "a significantly higher hurdle than would exist on direct appeal" under plain error review. *See United States v. Frady*, 456 U.S. 152, 164–66 (1982). Accordingly, if this Court "cannot tell one way or the other" whether the claim is valid, then the defendant has failed to carry his burden. *Moore*, 830 F.3d at 1273; *cf. United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005) (in plain error review, "the burden truly is on the defendant to show that the error actually did make a difference . . . . Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant."). In this case, Petitioner Santos cannot meet this burden.

### B.     Timeliness

Section 2255 allows a prisoner one year to file a motion seeking relief from his conviction and sentence. The one-year period runs from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

        movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On July 31, 2019, the Court filed a judgment of conviction in this case. Doc. 55. The judgment of conviction became final 14 days later, when the defendant's time for filing a notice of appeal expired. Fed. R. App. P. 4(b); s*ee Akins v. United States*, 204 F.3d. 1086, 1089 n.1 (11th Cir. 2000) (if defendant does not pursue direct appeal, conviction becomes final when time for filing direct appeal expires). Therefore, the Petitioner had until August 14, 2020 to file his § 2255 motion. As this Court noted in its November 2, 2020 scheduling order, the Petitioner "filed" the instant § 2255 motion on June 22, 2020, when he placed it in the prison mailing system, and so his motion is timely under the applicable statute. *See Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001) (pleadings filed by an incarcerated petitioner are deemed filed on the date they were placed into the prison's official mail system).

However, although Petitioner's motion is statutorily timely, it is *untimely* under Judge Barber's May 21, 2020 order that directed the Petitioner to file an amended post-conviction motion by *June 12, 2020*, or risk dismissal of his case. Civ. Doc. 5. Significantly, the Petitioner never sought to extend Judge Barber's filing deadline or provide any explanation for his delay. Therefore, before even considering the merits of Petitioner's amended § 2255 motion, this Court should dismiss Petitioner's motion as untimely, unless he can provide a compelling reason justifying his late filing in violation of the Court's order.

**C.     Cognizability**

Section 2255 authorizes an attack on a sentence on four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it exceeds the maximum authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Petitioner's claim that his counsel was ineffective, as alleged in Part I of his amended motion, is grounded in the Sixth Amendment and is therefore cognizable under 28 U.S.C. § 2255. *See Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings). Further, as alleged, Petitioner's claims in Part II also appear to be cognizable under 28 U.S.C. § 2255.

### D. Merits

#### 1. Petitioner's Claim of Ineffective Assistance of Counsel in Part I Should be Denied

Notwithstanding the fact that Petitioner expressly waived his right to appeal in his Plea Agreement (Doc. 36 at 13),[3] in Part I of his amended § 2255 motion the Petitioner alleges that his trial attorney provided ineffective assistance of counsel by failing to consult with Petitioner regarding his right to appeal, and by ignoring Petitioner's request to file a direct appeal on his behalf. Civ. Doc. 1 at 3 ("Attorney [Roy] Foxall never consulted with [Petitioner] about a direct appeal, and once [Petitioner] asked him to file a direct appeal, [Foxall] clearly ignored him."). In support of his claim, Petitioner attached two letters he purportedly sent to his attorney after sentencing in his case, both of which indicate they were "return[ed] to sender." *See* Civ. Doc. 1-2 and 1-3.

To succeed on an ineffective assistance of counsel claim, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When evaluating performance, this Court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all

---

[3] Petitioner waived his right to appeal his sentence except under certain narrow circumstances that are not present here.

significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc; quoting *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992)).

To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005).

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the Supreme Court held that an attorney who disregards instructions from his client to appeal has acted "in a manner that is professionally unreasonable." When an attorney fails to

follow express instructions to appeal, prejudice is presumed. *Flores-Ortega*, 528 U.S. at 483. Accordingly, if a section 2255 petitioner alleges that he expressly instructed his attorney to file an appeal and the attorney failed to do so, the district court must make a factual determination whether the allegation is true and, if it is true, the petitioner is entitled to a belated appeal. *See, e.g., Gomez-Diaz v. United States*, 433 F.3d 788, 790-92 (11th Cir. 2005).

In contradiction to the Petitioners claim that his trial attorney failed to consult with him regarding an appeal and failed to file a notice of appeal when instructed to do so, Petitioner's trial attorney Roy Foxall submitted a statement to the undersigned, which has been attached to this Response as *Exhibit One*. In his statement, Mr. Foxall explains: "*I met with [Petitioner] on August 2, 2019, at the Charlotte County Jail. I discussed an appeal with [Petitioner] and that I had no basis to so and [Petitioner] agreed. . . . [Petitioner] never requested an appeal nor did I ever receive the letters attached to his motion.*" Because defense counsel consulted with Petitioner regarding his right to appeal, Petitioner agreed with his counsel's advice not to file an appeal, and his counsel never *received* any directive from Petitioner to the contrary, Petitioner cannot meet his burden of proof on his claim of ineffective assistance of counsel, and it should be denied by this Court.

11

### *2. Petitioner's Claims in Part II Should be Denied*

In Part II of his amended § 2255 motion, the Petitioner raises three "issues" for which he alleges his conviction and sentence should be vacated. As discussed below, each of the three issues are meritless, and should be summarily denied.

First, the Petitioner alleges that he "suffered a due process violation," because "Hobbs Act Robbery," his crime of conviction in Count One, "is unconstitutionally vague." Civ. Doc. 7 at 15 ("*Issue 1*"). In support of his argument, the Petitioner states that "the language of the Hobbs Act Robbery is identical to the language of 18 U.S.C. § 924(c)(3)(B) and 18 U.S.C. § 16," and since the latter two statutes contain unconstitutionally vague residual clauses, the Hobbs Act Robbery statute is likewise unconstitutionally vague. *Id*. Unfortunately for the Petitioner, his premise—that "they all possess the unconstitutionally vague residual clause"—is false. *Id*. at 18. The Hobbs Acts Robbery statute, which the Petitioner quotes verbatim in his motion, actually contains *no* residual clause. *Compare* 18 U.S.C. § 1951(a) *with* 18 U.S.C. § 924(c)(3)(B) *and* 18 U.S.C. § 16. Further, Petitioner does not cite any relevant caselaw or advance any other coherent argument that supports his position in "*Issue 1*." As such, Petitioner cannot meet his burden of proof, and his claim under "*Issue 1*" should be denied.

Second, the Petitioner alleges that his § 924(c) conviction in Count Two should be vacated because it is not properly predicated on a crime of violence or a drug trafficking crime. Civ. Doc. 7 at 20-22 ("*Issue 2*"). In support of his position, Petitioner cites to *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that 924(c)'s residual clause, found in 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. "Although *Davis* invalidated the residual clause, § 924(c)(3)(B), it left intact the elements clause, § 924(c)(3)(A), which defines a crime of violence as a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *United States v. Harris*, --- Fed. App'x. ---, 2020 WL 6947347 (11th Cir. 2020) (citing 18 U.S.C. § 924(c)(3)(A) and *Davis*, 139 S. Ct. at 2323–24). In this case, under Eleventh Circuit precedent, Petitioner's *substantive* Hobbs Act Robbery conviction still qualifies as a crime of violence under the elements clause. *Smiley v. United States*, 819 Fed. App'x 850, 852 (11th Cir. 2020) ("Thus, under the prior panel precedent rule, Hobbs Act robbery, aiding and abetting Hobbs Act robbery, and attempted Hobbs Act robbery all categorically qualify as crimes of violence under § 924(c)'s elements clause."). As such, Petitioner's cannot meet his burden of proof, and his claim under "*Issue 2*" should be denied.

Third, the Petitioner alleges that he "never discharged a firearm" and "did not know that his associate was going to discharge [a firearm]," so his

conviction in Count Two should be vacated. Civ. Doc. 7 at 22-25 ("Issue 3"). In support of his position, the Petitioner cites to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Although the Petitioner may now wish to attribute the discharge of the firearm to his co-conspirator, those are not the facts of this case. Instead, Petitioner's allegation that he "never discharged a firearm" is directly and conclusively refuted by his own sworn admission in his Plea Agreement. Specifically, the Petitioner acknowledged the truth of the following statement in his Plea Agreement's factual basis section: *"[Petitioner] Santos discharged his Sig Sauer firearm at T.G.J., striking T.G.J. in the chest with a single bullet."* Doc. 36 at 18. As such, Petitioner cannot meet his burden of proof, and his claim under "*Issue 3*" should be denied.

### E. Need for an Evidentiary Hearing

The Petitioner has the burden of establishing the need for an evidentiary hearing, *see Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc), and he would be entitled to a hearing only if his allegations, if proved, would establish a right to collateral relief, *see Townsend v. Sain*, 372 U.S. 293, 307 (1963). A district court deciding a section 2255 motion may "order . . . its summary dismissal '[i]f it plainly appears from the face of the motion and . . . exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003) (quotations omitted).

Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

In this case, Petitioner is only entitled to an evidentiary hearing on his ineffective assistance of counsel claim in *Part I*, because he has sufficiently raised factual contentions that would warrant relief, if true. Petitioner's additional claims, raised in *Part II*, should all be summarily denied without an evidentiary hearing, as they are "patently frivolous" or "affirmatively contradicted by the record." *See Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) ("[W]e have stated that a district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous[.]").

### III. CONCLUSION

THEREFORE, the United States respectfully requests that this Court summarily deny Petitioner's 28 U.S.C. § 2255 motion.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:   */s/ Simon R. Eth*
      Simon R. Eth
      Assistant United States Attorney
      Florida Bar No. 0091415
      E-mail: Simon.Eth@usdoj.gov

**Gabriel Santos v. United States**     Case No. 2:20-cv-187-JLB-NPM

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2021, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:

**Gabriel Luis Santos**
71512-018
BENNETTSVILLE
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 52020
BENNETTSVILLE, SC 29512

　　　　　　　　　　　　　　　　　　　　　/s/ *Simon R. Eth*
　　　　　　　　　　　　　　　　　　　　Simon R. Eth
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 0091415
　　　　　　　　　　　　　　　　　　　　2110 First Street, Suite 3-137
　　　　　　　　　　　　　　　　　　　　Ft. Myers, Florida 33901
　　　　　　　　　　　　　　　　　　　　Telephone:   (239) 461-2200
　　　　　　　　　　　　　　　　　　　　Facsimile:    (239) 461-2219
　　　　　　　　　　　　　　　　　　　　E-mail:   Simon.Eth@usdoj.gov