UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GABRIEL LUIS SANTOS,

    Petitioner,

v.                                                         Case No. 2:20-cv-187-JLB-NPM
                                                                  2:18-cr-218-JLB-NPM

UNITED STATES OF AMERICA,

    Respondent.
_____

**ORDER AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION AND DENYING HABEAS RELIEF
<u>AS TO THE REMAINING CLAIM</u>**

This case is before the Court on Petitioner Gabriel Luis Santos's ("Petitioner's") amended 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence. (Doc. 7). The Government filed a response (Doc. 12). Petitioner did not reply to the Government's response.

Petitioner asserts two grounds for relief in his motion. In his first ground, he argues that his attorney failed to notice an appeal despite being instructed to do so. The Court referred Ground One to Magistrate Judge Nicholas P. Mizell for an evidentiary hearing to establish the content of the communication between Petitioner and his defense counsel. (Doc. 19). The Court reserved ruling on the merits of Ground Two pending the evidentiary hearing on Ground One. (<u>Id.</u>).

On February 18, 2025, Judge Mizell issued a report recommending that Ground One be denied because Petitioner was adequately advised of his appellate rights but elected not to appeal. Specifically, Judge Mizell found:

> Santos did not establish that he would have instructed [Counsel] to notice an appeal if he had received more or different advice about his appellate options, nor did he establish that [Counsel] failed to notice an appeal despite being instructed to do so. Santos should not be permitted to notice a belated appeal.

(Doc. 36 at 15). Petitioner has not filed written objections to the Report and Recommendation, and his time to do so has expired.

The Court has carefully reviewed Judge Mizell's preliminary Report and Recommendation and the entire record de novo. The factual findings are not clearly erroneous, and the legal conclusions are consistent with the proper application of the law to those facts. The Court thus affirms and adopts Magistrate Judge Mizell's finding that Petitioner is not entitled to relief on Ground One. Further, as discussed below, the Court denies relief on Ground Two.

## I. Background and Procedural History

Petitioner was charged by superseding information with: (1) interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) (a provison of the Hobbs Act) and 2; and (2) using, carrying, and discharging a firearm in furtherance of a violent crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. (Criminal Case No. 2:18-cr-218-JLB-NPM-1 at docket entry 35).[1] Pursuant to a written plea agreement, Petitioner pleaded guilty before Magistrate Judge Douglas N. Frazier. (Cr. 36; Cr. 39). The Court accepted the plea and sentenced Petitioner to concurrent terms of 70 months' imprisonment on count one and 120 months'

---

[1] Criminal Case No. 2:18-cr-218-JLB-NPM-1 will be referred to as "Criminal Case" and citations to the criminal docket will be (Cr. at ___).

imprisonment on count two. (Cr. 54). Petitioner did not appeal his conviction or sentence.

On March 19, 2020, Petitioner filed his first 28 U.S.C. § 2255 motion, raising a single ground for relief. (Doc. 1). Specifically, Petitioner alleged that his defense attorney, Roy W. Foxall ("Counsel"), did not file a notice of appeal, even after Petitioner asked him to do so. (Id. at 2). Because the motion was not filed on the Court's standard pre-printed section 2255 petition form, the Court directed Petitioner to file an amended motion. (Doc. 5). Petitioner filed his amended motion on June 29, 2020, raising the same claim of attorney malfeasance and a second ground. (Doc. 7). Specifically, Petitioner argues in Ground Two that his crimes of conviction are based on unconstitutionally vague or ambiguous statutes and that he was actually innocent of carrying or using a firearm. (See id.)

## II.  Legal Standards

Title 28 U.S.C. § 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). If a court finds a claim under section 2255 to be valid, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence

3

him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b). But "[b]ecause collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (internal citations, quotations, and footnote omitted).

Under section 2255(b), unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Eleventh Circuit has explained that "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting Futch v. Dugger, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); see also Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

4

### III.    Discussion

    The facts surrounding Petitioner's arrest are summarized in the factual basis section of his plea agreement and are as follows:

> On December 1, 2018, Khai Francisco Victor Marrero ("Marrero") and Gabriel Luis Santos ("Santos") conspired to rob T.G.J. of marijuana.   In furtherance of their scheme, Marrero contacted T.G.J. and arranged to purchase one quarter-pound of marijuana from him.   T.G.J. agreed to meet Marrero near T.G.J.'s residence in Fort Myers to conduct the transaction.   Marrero and Santos drove to the planned meeting location in Marrero's vehicle, a green Suzuki Forenza, with Marrero driving and Santos seated in the front passenger seat.   Both Marrero and Santos were in possession of loaded firearms—Marrero had a loaded Diamondback .380 caliber pistol (S/N ZD0289) and Santos had a loaded Sig Saur .40 caliber pistol (S/N AL14886).   Once they arrived at the planned meeting location, Santos exited the vehicle and hid behind exterior residential air-conditioning units while Marrero waited in the vehicle for T.G.J.
>
> Soon thereafter, T.G.J. entered the front passenger seat of Marrero's vehicle and handed Marrero marijuana, expecting to receive cash in exchange for the narcotics.   At approximately the same time, Santos approached the vehicle wearing a ski-mask and pointed his Sig Sauer pistol at T.G.J.   As Santos approached T.G.J, T.G.J reacted by kicking at Santos, and Santos discharged his Sig Sauer firearm at T.G.J., striking T.G.J. in the chest with a single bullet.   After he was shot, T.G.J. exited the vehicle, Santos re-entered the vehicle, and Marrero drove he and Santos away from the scene.

(Cr. 36 at 17–18).   As noted, the Court adopts Judge Mizell's Report and Recommendation regarding Petitioner's entitlement to a belated appeal (Doc. 36) and denies Ground One.   The Court separately considers Ground Two of Petitioner's motion.

Petitioner raises three "issues" in Ground Two.  First, he asserts that he suffered due process and equal protection violations because a Hobbs Act robbery, his crime of conviction, "is unconstitutionally vague."  (Doc. 7 at 15).[2]  Although the legal bases for Petitioner's argument are not entirely clear, he asserts that "the language of the Hobbs Act robbery [statute] is identical to the language of 18 U.S.C. § 924(c)(3)(B) and 18 U.S.C. [§] 16.  They all possess the unconstitutionally vague residual clause."  (Id. at 18).[3]  The Court disagrees.  The Hobbs Act robbery statute states as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1915(a).  As applicable here, the statute defines robbery as the unlawful taking of personal property from a person by means of actual or threatened force or violence.  Id. § 1915(b).  Contrary to Petitioner's contention, no

---

[2] Petitioner does not explain this claim.  Instead, he merely quotes large portions of United States v. Davis, 588 U.S. 445 (2019) verbatim, without citation, and without explanation of the passages' signifcance.

[3] Sections 16(b) and 924(c)(3)(B) of Title 18 are sentencing statutes that outline the potential punishments for specific crimes. Under 18 U.S.C. § 924(c)(3)(B)'s "residual clause," a violent felony includes offenses that present a "serious potential risk of physical injury to another."  Id. § 924(c)(3)(B)(ii).  Likewise, 18 U.S.C. § 16's residual clause defines a "crime of violence" as an offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b).  See Davis, 588 U.S. at 448–55 (discussing the residual clauses of §§ 924(c)(3)(B)(ii) and 16(b)).

6

portion of the Hobbs Act robbery statute contains a clause similar to 18 U.S.C. § 924(c)(3)(B) or 18 U.S.C. § 16(b)'s "residual clauses," which the Supreme Court found to be unconstitutional. See Davis, 588 U.S. at 470 (holding that imposing an increased sentence for using a firearm during the commission of a crime of violence under section 924(c)(3)(B)'s residual clause violates the Constitution's guarantee of due process); Sessions v. Dimaya, 584 U.S. 148, 174 (2018) (holding that imposing an increased sentence under the residual clause defining a "crime of violence," as set forth in 18 U.S.C. § 16(b), violates the Constitution's guarantee of due process). Petitioner does not direct this Court to any relevant caselaw or advance any persuasive argument that any portion of the Hobbs Act robbery statute for which he pleaded guilty and sentenced is unconstitutionally vague. The Court, therefore, finds that Petitioner is not entitled to relief on this issue.

Next, Petitioner argues that his conviction under section 924(c) for using, carrying, and discharging a firearm in furtherance of a violent crime is unconstitutional because it is not properly predicated on a crime of violence or a drug trafficking crime. (Doc. 7 at 20–22). Again, Petitioner relies on the Supreme Court's decision in Davis, which held that the residual clause of section 924(c)(3)(B) was unconstitutionally vague. However, Davis left intact the elements clause of section 924(c)(3)(A), which defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Under this definition, a Hobbs Act robbery involving the shooting of a victim is indisputably a crime of

violence. See 18 U.S.C. § 1915(b) (defining robbery as the unlawful taking of personal property from a person by means of actual or threatened force or violence). Put simply, it is obvious that Petitioner's shooting of T.G.J. in the chest while attempting to rob him involved the use of physical force against a person. See In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016) (recognizing that a "conviction for Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)"). Accordingly, Petitioner is not entitled to relief on the second issue raised in Ground Two.

As his third issue raised in Ground Two, Petitioner argues that he never fired a weapon and did not know that his codefendant was going to shoot the victim. (Doc. 7 at 22). In short, he argues that he is actually innocent. But by pleading guilty, Petitioner admitted committing the crimes for which he was convicted and the factual basis underlying those crimes. United States v. Saac, 632 F.3d 1203, 1209 (11th Cir. 2011) (recognizing that a guilty plea establishes factual guilt and serves as an admission of all elements of the criminal charge).

In his signed plea agreement, Petitioner admitted that he, not his codefendant, shot the victim in the chest after the victim kicked at him during Petitioner's ambush of victim. (Cr. 36 at 17–18). Moreover, the Court listened to Plaintiff's entire plea colloquy (which was recorded but not transcribed). (Cr. 42). Petitioner testified under oath at the colloquy. (Id.). The factual basis was read out loud, and Petitioner confirmed that it was true. (Id.). In open court,

8

Petitioner stated that he had a gun, used it during the robbery, and that the gun discharged when he "came up to [the victim's] car with a pistol." (Id.).

It is well settled that a defendant will not be heard to contend in a section 2255 motion that his sworn statements made during a Rule 11 colloquy are false. United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) ( "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely."); Blackledge v. Allison, 431 U.S. 63, 73–74 (1977) (recognizing that a defendant's sworn statements "constitute a formidable barrier in any subsequent collateral proceedings"). Petitioner has not identified (nor has this Court identified) any deficiencies in his Rule 11 colloquy. As such, Petitioner cannot now argue that he is innocent of the charges to which he pleaded guilty. Accordingly, the Court finds that Petitioner is not entitled to relief on the third issue raised in Ground Two.

## IV.   Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Court **AFFIRMS** and **ADOPTS** Judge Mizell's finding of facts and recommendation to deny Ground One (Doc. 36).

2. The Court **DENIES** Ground Two, and with no further claims, Gabriel Luis Santos's amended motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255 (Doc. 7) is **DENIED**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgment in favor of Respondent United States of America and against Petitioner Gabriel Luis Santos, and close this case. The Clerk shall also file a copy

of this Order and terminate the pending section 2255 motion in Petitioner's underlying criminal case. (Cr. 60).

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY IS DENIED**. A prisoner has no absolute entitlement to appeal a district court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009). Rather, "[a COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented [are] adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 336 (2003) (citation and quotation omitted). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** in Fort Myers, Florida, on March 17, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies to:    Gabriel Luis Santos
              Counsel of Record